Charles Ira **ABBOTT**, Petitioner-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Respondent-Appellee.

No. 26937.

United States Court of Appeals
Fifth Circuit.

April 24, 1969.

---

Ronald L. Ramey, Houston, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., of Texas, Austin, Tex., Thomas Keever, Asst. Atty. Gen., Houston, Tex., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM and DYER, Circuit Judges, and KRENTZMAN, District Judge.

PER CURIAM:

Charles Abbott was arrested at the home of a friend on May 30, 1960, for robbery of a grocery store in Houston, Texas. Upon arriving at the police station, Abbott was questioned briefly by the officers on duty at the station. Abbott confessed to the robbery immediately—at 10:50 p. m.

The confession was admitted into evidence at the trial. Also at the trial, the owner of the grocery store and two other witnesses who were in the store when it was robbed testified that Abbott was the robber. On August 4, 1960, Abbott was found guilty in a Texas state court and sentenced to life imprisonment as an habitual criminal. On November 15, 1967, Abbott filed a petition for a writ of habeas corpus in the district court. The district court denied the petition and remanded Abbott to the custody of the Texas Department of Corrections.

Abbott advances two arguments in this appeal: (1) he was illegally questioned without a search warrant; (2) his confession was involuntary. Abbott argues that since he was questioned without a search warrant the interrogation by the officers at the station amounted to an unlawful search of his mind. This is an ingenious but unmeritorious argument. It is one thing for police officers to force open a man's mouth and forcibly extract the contents of his stomach. Rochin v. California, 1952, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183. It is another thing when a man opens his own mouth and reveals his mind by responding to questions.

Abbott's conviction became final before the Supreme Court's decisions in Escobedo v. Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Neither *Escobedo* nor *Miranda* has been applied retroactively. Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. Our inquiry, therefore, is whether, from the totality of circumstances, Abbott's confession was voluntary. Crooker v. California, 1958, 357 U.S. 433, 78 S.Ct. 1287, 2 L.Ed.2d 1448; Cicenia v. La Gay, 1958, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523. Although Abbott did not have an attorney present at the interrogation, the officers warned him prior to interrogation that he did not have to make a statement and that if he did, the statement could later be used in evidence against him. There was no evidence that Abbott requested, and was refused, an attorney. The officers questioned Abbott only a short time; he confessed at the station fifty minutes after he was arrested at his friend's home. The questioning officers were not trained interrogators. There was no evidence of threats, promises, or coercive tactics. Abbott complained of a pain in his side, and he

was twice taken to the hospital. The district court, however, found that he neither informed the officers of his illness nor requested medical treatment *before* his questioning. On this record, we are unable to say that the district court's finding that Abbott's confession was voluntary is clearly erroneous.

The judgment is

Affirmed.